## LAWSON et al., Appellants, v. WILLIAMS HARD-WARE COMPANY, Respondent.

### St. Louis Court of Appeals, February 5, 1907.

1. **SALES: Rescission: Warranty.** One sold a wagon to another with a warranty for a year, agreeing to replace any parts which should prove defective and be returned by the purchaser. The wheels of the wagon, after it had been used awhile, broke down. The purchaser, in returning the wheels to the seller to be repaired without taking any steps to rescind the trade, thereby elected to stand by the contract and could not defeat an action for the purchase price by showing the wheels broke down; he was bound to look to the terms of the contract for redress.

2. ———: ———: ———: **Reasonable Time.** The theory upon which the case was tried was that plaintiffs could recover by showing that they had exercised reasonable diligence to repair the wheels and return them promptly; as to whether such diligence was used was a question for the jury. A case will be determined in the appellate court on the same theory on which it was tried in the court below.

Appeal from Cape Girardeau Circuit Court.—*Hon. H. C. Riley*, Judge.

AFFIRMED.

*Edw. D. Hays* for appellants.

On giving istructions the court ingnored that part of the contract between plaintiffs and defendant which provided that if any of the parts of the wagon were defective they should be repaired and replaced by the plaintiffs.

*T. D. Hines* for respondent.

(1) The verdict and judgment were on the whole record manifestly for the right party, and, where this is true, errors in the instructions, if any, there be, will not work a reversal. Cass Co. v. Bank, 157 Mo. 133;

Bowman v. Lickey, 86 Mo. App. 47; Walker Bros. v. Railroad, 68 Mo. App. 483; Jones v. Poundstone, 102 Mo. 240. (2) The evidence in this case, taken as a whole, will not sustain any other finding than that made by the jury, and where this is the case, even though the instructions complained of were erroneous, there can be no reversal on that ground. King v. King, 155 Mo. 406; Fitzgerald v. Barker, 96 Mo. 666; McFarland v. Heim, 127 Mo. 327; Comfort v. Ballingal, 134 Mo. 281.

STATEMENT.—This action was instituted before a justice of the peace to recover the price of a wagon, sold by plaintiffs, a firm doing business in Cairo, Illinois, under the name of the Three States Buggy and Implement Company. The defendant corporation is engaged in business at Jackson, Missouri. The statement filed with the justice alleges that on or about April 8, 1903, at the special instance and request of defendant, plaintiffs sold and delivered to defendant a delivery wagon for the price of $42.50, and defendant promised and agreed to pay said price and refused to do so after demand. No answer was filed. The case went to the circuit court on appeal, and from the judgment rendered in the latter court an appeal was taken to this one. The contract for the purchase of the wagon was made by correspondence between the parties. By later correspondence the material facts of the dispute which arose out of the transaction are shown. Defendant ordered the wagon April 3, 1903. The order was for "1 No. 29, W. T. Delivery Wagon," describing some particulars of it which need not be mentioned because they are not relevant to the controversy. Defendant received the wagon the latter part of April and turned it over to the customer for whom it had been ordered. The testimony goes to show that within a week after Rehan, the customer, began to use the wagon, the two hind wheels gave way under a load of freight much less than they ought to have supported if well constructed. Rehan returned the wagon to de-

fendant and the latter sent the wheels to plaintiffs April 29, 1903, saying there was no way to fix the wheels except to send new ones, and to do so as soon as possible. On May 4th plaintiffs sent the wheels, which had been returned to them, to the Wayne Works, a corporation at Richmond, Indiana, which had manufactured the vehicle, and directed said corporation to send new wheels to defendant at Jackson, if necessary; if not, to repair the old ones and put them in first-class condition in every respect and forward them to defendant at Jackson. This letter urged the Wayne Works to give the matter prompt attention and the Wayne Works replied that prompt attention would be given.    Defendant was notified by plaintiffs of these incidents.    The next letter is from defendant to plaintiffs, under date of June 7, 1903, asking that the bill of lading for the wheels be sent at once, saying there was a hurry to get them and it would be a great accommodation for them to be sent immediately. On June 9th, plaintiffs wrote defendant that the Wayne Works at Richmond had written plaintiffs the wheels were shipped some weeks before, and plaintiffs would look into the affair and see why they had not been received by defendant.    Some letters between plaintiff and the Wayne Works show the latter concern had shipped the wheels to defendant at Jackson on May 23d, over the Pittsburg, Cincinnati, Chicago & St. Louis Railroad. The evidence shows this was the direct route from Richmond to Jackson.    The wheels arrived at Jackson about the twentieth day of June.    Rehan wanted to turn the wagon back to defendant about four weeks after the broken wheels had been returned to plaintiffs.    On June 15th    defendant    shipped the wagon to plaintiffs    but plaintiffs never received it.    The testimony for plaintiffs goes to show the wheels were repaired as soon as possible.    It was necessary to put several coats of paint on them and as they were not received by plaintiffs until May 6th, they could not be repaired and returned to de-

fendant earlier than May 23d; something over two weeks thereafter. The wagon was sold on the following guarantee:

"All materials are carefully tested before going into the construction of our work as to strength, quality and durability. And for this reason we are safe in placing the following guaranty for one year on all our vehicles:

"We warrant our vehicles for one year, and will replace any wheel, axle or spring that gives away by defective material or workmanship within twelve months from the date of purchase. We insist that broken parts of defectives be returned to us prepaid, in order that they may be presented to foreman of factory to show him where the defects are. It will then be repaired and returned to purchaser by prepaid freight."

The court gave the following instructions:

"The court instructs the jury that if they find from the evidence that defendant did on the 3d day of April, 1903, order from plaintiffs a spring wagon described in the evidence; and if they find that plaintiffs did on the —— day of April, 1903, ship to defendant in accordance with its order a spring wagon of the kind required by said order; and if they find from the evidence that defendant received and accepted said spring wagon from plaintiffs in April, 1903; and if they find that defendant on the 29th day of April, 1903, returned to plaintiffs two hind wheels of said spring wagon to have defects therein repaired, and that plaintiffs at once, on receipt of said wheels sent them to the Wayne Works, at Richmond, Indiana, to have the required repairs made, and that said Wayne Works promptly repaired said wheels and in reasonable time at the request and direction of plaintiffs, delivered said wheels to the railroad agent for the Pittsburg, Cincinnati & St. Louis Ry. Co., at the station of said railroad in the city of Richmond, Indiana, for shipment to defendant at Jackson, Missouri; and if you find that such railway was the common carrier us-

ually employed to convey freight from the town of Richmond, Indiana, to Jackson, Missouri; then such delivery by said Wayne Works was equivalent to a delivery by plaintiffs to said railroad company for shipment to defendant, and such delivery to said railroad company constituted a delivery to defendant; and if the jury finds that defendant has not paid to plaintiffs the amount of the purchase price for said spring wagon; and if the jury find from the evidence that the payment of the purchase price is now due, then the plaintiffs are entitled to recover; and if the jury finds that plaintiffs are entitled to recover they will fix the amount of damage at such sum as they believe from the evidence there remains at this time unpaid on the purchase price of said spring wagon."

"The court instructs the jury that if you shall find and believe from the evidence that the wagon sold by plaintiffs to defendant was not fit for the purpose for which the ordinary wagon of its kind is made and used, but that by its ordinary use for such purpose, the hind wheels thereof broke down, or became so out of repair as to unfit said wagon for use, then there was no duty devolving on defendant to accept or pay for said wagon, and your verdict and finding should be for defendant.

"You are further instructed that if you shall find and believe from the evidence that defendant, when returning the wheels of said wagon to plaintiffs, requested them to send new wheels as soon as possible, stating that the parties were at great expense waiting for them; that plaintiffs did not send new wheels, but had the ones returned to them repaired, and after being so repaired, said wheels were shipped by freight, and they were not returned to defendant within a reasonable time, and that by reason of the delay in returning said wheels, defendant lost the sale of said wagon, then he had the right to refuse to accept said wagon and your verdict should be for the defendant.

"The court instructs the jury that before plaintiffs can recover on the contract of sale of the wagon, they must show compliance with the terms of the sale on their part, and if you shall believe and find from the evidence that they failed to do so, your verdict should be for defendant.

"You are further instructed that if you shall believe and find from the evidence that the wagon was sold to defendant on the guarantee contained in plaintiffs' catalogue as offered in evidence; and if you shall further believe and find that with an ordinary load the hind wheels of said wagon broke down, or became so weak by reason of the spokes becoming loose as to unfit said wagon for use, then said wagon did not fulfill the guarantee contained in said catalogue, and defendant had the right to refuse to accept or pay for said wagon and your verdict should be for defendant.

"You are further instructed that if you shall from the evidence find and believe that on or about July 16, 1903, and before said repaired wheels were returned to Jackson, defendant shipped the remainder of said wagon to plaintiffs over the St. Louis, I. M. & S. Ry., that this was the direct and usual line shipment of freight from Jackson, Missouri, to Cairo, Illinois, then the delivery of said part of said wagon to the railroad constituted a delivery and return thereof to plaintiffs."

The verdict was for defendant and plaintiffs appealed.

GOODE, J. (after stating the facts) —The instruction requested by plaintiffs and given at their instance, shows they tried the case on the theory that if they exercised reasonable diligence in having the necessary repairs made on the wheels and the latter promptly returned to defendant, this constituted performance of their obligation. By giving the instruction the court, to that extent, adopted this theory; but the instructions

given for defendant are inconsistent with it. Moreover, the latter instructions lost sight of the guaranty and the other evidence in the case. The first one said that if the hind wheels of the wagon broke down under ordinary use and thereby became unfit for use, the verdict should be in defendant's favor. This instruction is erroneous. Defendant had accepted the wagon long before, and its recourse on plaintiff depended either on a timely rescission of the contract of purchase, or on the warranty given by the latter. Defendant did not prove nor, indeed, assert a rescission because the wagon was unfit for use. Its letters show that after the wheels had broken, it desired to retain the vehicle and merely wanted the wheels made whole. This was a decision to abide by the contract, made after the facts which possibly warranted a rescission, were known. True, defendant tried to reship the vehicle to plaintiffs in the latter part of June; and if this effort could be treated as an election to rescind, and had occurred while rescission was yet permissible, it was made, not because the wagon was useless, but because of delay in returning the wheels. Now if defendant had the right to rescind for delay, the question of whether or not plaintiffs were guilty of unreasonable delay would arise. Hence the issue would be unreasonable delay, in any event. But our opinion is that, as defendant had decided theretofore to keep the wagon and request repairs, it was bound to stand by this decision; hence was compelled thereafter to look to the terms of the contract for redress. [Pratt v. Mfg. Co., 115 Wis. 648.] The terms are shown in the warranty; a document ignored on the trial by both sides, in some measure. The warranty expressly stated that plaintiffs would repair any wheel, axle or spring which gave way on account of defective workmanship or material, twelve months from the date of purchase. One condition of the warranty was that broken parts should be returned to plaintiffs in order that they might be presented to the

foreman of the factory and repaired. This meant, of course, if repair was possible; otherwise they would be replaced. To defeat plaintiffs' action merely because two wheels broke down, in the face of a warranty accepted by defendant as the measure of plaintiffs' obligation and binding them to replace or repair the wheels, would be to disregard the contract between the parties. The fourth instruction for defendant also erred in declaring that if the hind wheels broke down or became too weak, by reason of the spokes becoming loose, thus unfitting the wagon for use, then defendant had the right to refuse to accept or pay for it. As said, defendant had already accepted the wagon and had returned the broken wheels for replacement or repairs; thus abiding by the contract. Defendant's correspondence as late as June 7th, was but an insistence on new wheels being sent or the first ones repaired and returned. The second instruction erred in laying stress, in its first clauses, on the fact that defendant had requested new wheels. That suggestion was made in defendant's first letter, but in the second one written May 4th, defendant said, in substance, that the wheels had been returned to be repaired, if they could be. According to the theory on which the case was tried, the essential question was whether plaintiffs exercised reasonable diligence to have the wheels repaired and returned to defendant promptly or new ones sent in their place, if they could not be repaired. The evidence goes to show the delay was the fault of the railroad company, and that the repaired wheels were put in charge of said company and consigned to defendant at as early a date as possible. However, this issue was for the jury's decision. A case in this court must be determined with reference to the theories on which it was tried below; but without passing on the question, we will say it looks like the real remedy of the defendant was by counterclaim for breach of the warranty. The jury was instructed erroneously; there-

fore the judgment will be reversed and the cause remanded. All concur.